

Filed 5/24/05
Clerk, U. S. District Court
Western District
By
Deputy

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS,
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: Request from Requesting State § | | |
| Pursuant to the Treaty Between the United § | | |
| States of America and the Requesting State § | CAUSE NO. SA-04-CA-676-OG | |
| on Mutual Assistance in Criminal Matters § | SA-04-CV-954-OG ✓ | |

## ORDER CONSOLIDATING CASES AND REQUIRING RESPONSE FROM THE GOVERNMENT

Before the Court are the "Motion to Unseal and for Expedited Hearing" filed by the Electronic Frontier Foundation ("EFF"), the Urbana-Champaign Independent Media Center Foundation ("UCIMC"), and Jeffrey Moe (collectively, "movants"), filed originally in SA-04-CA-954-OG but related to the present sealed case. Because the present case and SA-04-CA-954-OG involve common questions of law and fact, the two cases are CONSOLIDATED into one case, which shall bear the style and cause number set out above. FED. R. CIV. P. 42(a).

In response to the motion to unseal, the Court entered an order stating that it would lift the seal on this file, including the subpoena request from the Italian government, unless the government produced significant evidence *in camera* that convinced the Court that (1) the presumption of access to the sealed documents is outweighed by the necessity for secrecy in this case, and (2) there is no less restrictive means, such as redaction, available to preserve the necessary secrecy.

The government has responded with a letter from the Italian government that sets out the reasons for its request that this matter remain secret. The Italian government indicates that the nature of its ongoing criminal investigations in this matter require secrecy lest the perpetrators of the crimes under investigation obtain knowledge that could lead to the suppression of evidence and make their identification impossible. Having examined the letter, the Court finds that the

9

government has established that the necessity for secrecy in this case outweighs the presumption of access to the sealed documents.

The government has made no effort, however, to show that there is no less restrictive means, such as redaction, available to preserve the necessary secrecy. Because of the need for secrecy in this case, rather than ordering the record unsealed at this time, the Court will provide the government a further opportunity to confer with the Italian authorities and determine whether the following documents may be disclosed with minimal redactions sufficient to preserve the necessary secrecy: "Application for Order Pursuant to the Treaty on Mutual Assistance in Criminal Matters and Title 28, United States Code, Section 1782"; "Memorandum of Law in Support of Application for Order" with attachments; July 31, 2004 "Order"; and any subpoenas or other documents issued in response to the July 31 "Order". Given the time required for communication with the Italian government officials including necessary translations, the Court will require a response from the government, which shall include proposed redactions to the documents listed above, no later than FOUR WEEKS from the date this order is signed.

SIGNED this 24 day of May, 2005.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE